

# KEN PAXTON

ATTORNEY GENERAL OF TEXAS

March 19, 2018

The Honorable Eddie Lucio, Jr.
Chair, Committee on Intergovernmental
   Relations
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. KP-0186

Re: Whether and when a municipal law enforcement agency is authorized or required to release audio or video recordings from a body worn camera to members of the public, members of the governing body of the municipality, and civilian employees of the municipality (RQ-0180-KP)

Dear Senator Lucio:

You ask four questions regarding a municipal law enforcement agency's duty to release body worn camera recordings made by a member of the agency.[1] Chapter 1701, subchapter N of the Occupations Code addresses law enforcement agencies' use of body worn cameras. *See* TEX. OCC. CODE §§ 1701.651–.663. It defines "body worn camera" as "a recording device that is: (A) capable of recording, or transmitting to be recorded remotely, video or audio; and (B) worn on the person of a peace officer, which includes being attached to the officer's clothing or worn as glasses." *Id.* § 1701.651(1). That chapter also includes specific rules regarding the release to the public of information recorded by a body worn camera. *See id.* § 1701.661.

Related to these provisions, you ask whether a law enforcement agency may release these recordings in specific circumstances. Your first and third questions ask about release of recordings when requested by members of the public, so we address those questions together. You first ask:

> Is a municipal law enforcement agency prohibited from complying, authorized to comply, or required to comply with a request by a member of the public to view a recording from a body worn camera if the head of the law enforcement agency determines that the recording could be used as evidence in a criminal prosecution and that allowing the person to view the recording would interfere with the detection, investigation, or prosecution of a crime?

---

[1]*See* Letter from Honorable Eddie Lucio, Jr., Chair, Senate Comm. on Intergov'tl Relations, to Honorable Ken Paxton, Tex. Att'y Gen. at 1–2 (Sept. 14, 2017), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

Request Letter at 1.[2] Section 1701.661 provides that information recorded by a body worn camera and held by a law enforcement agency "that is or could be used as evidence in a criminal prosecution is subject to the requirements" of the Public Information Act ("the Act"). TEX. OCC. CODE § 1701.661(d).[3] Thus, upon receiving a proper request, a law enforcement agency must release the recordings to the public unless the recordings are excepted from disclosure under the Act or contain information that is confidential or otherwise required by law to be withheld.[4]

Section 552.108(a)(1) of the Government Code excepts from disclosure "[i]nformation held by a law enforcement agency or prosecutor that deals with the detection, investigation, or prosecution of crime . . . if . . . release of the information would interfere with the detection, investigation, or prosecution of crime." TEX. GOV'T CODE § 552.108(a)(1).[5] A law enforcement agency seeking to withhold information under the exception authorized in subsection 552.108(a)(1) generally "must ask for a decision from the attorney general about whether the information is within that exception." Id. § 552.301(a).[6] The request for a ruling from the Attorney General must include "written comments stating the reasons why the stated exceptions apply that would allow the information to be withheld." Id. § 552.301(e)(1)(A). Thus, a law enforcement agency seeking to withhold a body worn camera recording under subsection 552.108(a)(1) must explain how and why the release of the requested information would interfere with the detection, investigation, or prosecution of a crime. Upon receipt of authorization from the Attorney General, a law enforcement agency may withhold the recording of a body worn camera if releasing it to a member of the public would interfere with the detection, investigation, or prosecution of a crime. See id. §§ 552.108, .301(a), .306.

That said, the exception to disclosure under section 552.108 is discretionary. A law enforcement agency may release information recorded by a body worn camera to a member of the

---

[2]In posing this question, you ask us to "assume that the person requesting to view the recording complies with the requirements of Section 1701.661(a), Occupations Code." Id. at 1. That subsection requires a member of the public to include specific information when submitting a written request for information recorded by a body worn camera. TEX. OCC. CODE § 1701.661(a).

[3]Subsection 1701.661(c) provides that "[e]xcept as provided by Subsection (d), information recorded by a body worn camera and held by a law enforcement agency under this subchapter is not subject to the requirements of Section 552.021, Government Code." Id. § 1701.661(c); see also TEX. GOV'T CODE § 552.021 ("Public information is available to the public at a minimum during the normal business hours of the governmental body.").

[4]Subsection 1701.661(f) prohibits a law enforcement agency from releasing a portion of a recording "made in a private space, or of a recording involving the investigation of conduct that constitutes a misdemeanor punishable by fine only and does not result in arrest, without written authorization from the person who is the subject of that portion of the recording or, if the person is deceased, from that person's authorized representative." TEX. OCC. CODE § 1701.661(f).

[5]Your question relates specifically to the exception to disclosure in section 552.108(a)(1) of the Government Code, but a "law enforcement agency may . . . assert any exceptions to disclosure in Chapter 552, Government Code, or other law." Id. § 1701.661(e)(2).

[6]Subsection 1701.662(a) requires that a governmental body request a decision "from the attorney general about whether a requested body worn camera recording falls within an exception to public disclosure" not later than the 20th business day after the date of receipt of the written request. Id. § 1701.662(a). Subsection (c) requires that a governmental body submit the information required by section 552.301(e) of the Government Code not later than the twenty-fifth business day after the date of the receipt of the request. Id. § 1701.662(c).

public "after the agency redacts any information made confidential under Chapter 552, Government Code, or other law." TEX. OCC. CODE § 1701.661(e)(3). The Act "does not prohibit a governmental body or its officer for public information from voluntarily making part or all of its information available to the public, unless the disclosure is expressly prohibited by law or the information is confidential under law." TEX. GOV'T CODE § 552.007(a).

Relatedly, your third question specifically regards a recording that "could be used as evidence in a juvenile court proceeding or depicts or otherwise relates to a child in a manner that would restrict access to the recording." Request Letter at 2. The Act excepts from public disclosure "information considered to be confidential by law, either constitutional, statutory, or by judicial decision." TEX. GOV'T CODE § 552.101. Section 58.008(b) of the Family Code provides that, with limited exceptions, "law enforcement records concerning a child and information concerning a child that are stored by electronic means or otherwise and from which a record could be generated may not be disclosed to the public." TEX. FAM. CODE § 58.008(b).[7] Thus, a law enforcement agency generally may not release to a member of the public a body worn camera recording that could be used as evidence in a juvenile court proceeding or depicts or otherwise relates to a child in a manner that would restrict access to the recording.

Your second and fourth questions ask about requests by a member of the governing body of the municipality or by a civilian employee of the municipality, and we address those questions together. You specifically ask:

> Is a municipal law enforcement agency prohibited from complying, authorized to comply, or required to comply with a request by a member of the governing body of the municipality or by a civilian employee of the municipality whose duties include supervision or oversight of the law enforcement agency (such as a city manager) to view a recording from a body worn camera if the head of the law enforcement agency determines that the recording could be used as evidence in a criminal prosecution and that allowing the person to view the recording would interfere with the detection, investigation, or prosecution of crime?

Request Letter at 1. Assuming a request is made in the requestor's official capacity, a request by a member of the governing body of the municipality or a civilian employee in an oversight role is not a request by the "public" under the Act. See Tex. Att'y Gen. Op. No. JC-0283 (2000) at 3. Thus, the exception in the Act allowing the agency to withhold the recordings from the public due to interference with the detection, investigation, or prosecution of a crime is not applicable.

A municipal law enforcement agency is established by and accountable to the governing body of the municipality. See TEX. LOC. GOV'T CODE §§ 341.003 ("A home-rule municipality may provide for a police department."); 341.001(a) ("The governing body of a Type A general-law municipality may establish and regulate a municipal police force."). While we have found no

---

[7]Subsection 58.008(d) authorizes a juvenile justice agency, a criminal justice agency, the child, or the child's parent or guardian to inspect or copy law enforcement records concerning a child. TEX. FAM. CODE § 58.008(d).

Texas court decisions addressing this issue in the context of municipal law enforcement agency records, "Texas attorneys general have consistently concluded that a member of a governing body has an inherent right of access to the records of that body when requested in the member's official capacity and for the member's performance of official duties." Tex. Att'y Gen. Op. No. KP-0021 (2015) at 3; *see also* Tex. Att'y Gen. Op. Nos. GA-0138 (2004) at 3, JC-0283 (2000) at 3, JC-0120 (1999) at 3, JM-119 (1983) at 3. We find no law authorizing a municipal law enforcement agency to withhold from a member of the municipal governing body a recording from a body worn camera when the request is made in the member's official capacity. Whether civilian employees may access the recordings will depend on the authority given those employees by the municipal governing body and the internal policies and procedures of the municipality. *See* Tex. Att'y Gen. Op. No. JC-0283 (2000) at 4 (authorizing the release of confidential information to the city manager upon consent of the governing body of the municipality); TEX. OCC. CODE § 1701.655(a), (b)(6) (requiring a law enforcement agency that operates a body worn camera program to adopt a policy for the use of body worn cameras, including procedures for supervisory or internal review).

Finally, you also ask about a member of the governing body's access to a recording that "could be used as evidence in a juvenile court proceeding or depicts or otherwise relates to a child in a manner that would restrict access to the recording." Request Letter at 2. Family Code subsection 58.008(b) generally prohibits the release of law enforcement records concerning a child "to the public." TEX. FAM. CODE § 58.008(b). As discussed above, a request by a member of the governing body of the municipality or a civilian employee in an oversight role is not a request by the public. Therefore, subsection 58.008(b) does not restrict a member of the governing body's access to recordings involving a child.

## S U M M A R Y

Pursuant to section 552.108(a)(1) of the Government Code, upon receiving authorization from the Attorney General, a law enforcement agency may withhold the recording of a body worn camera if releasing it to a member of the public would interfere with the detection, investigation, or prosecution of a crime. The exception to disclosure under section 552.108 is discretionary, and a law enforcement agency may release information recorded by a body worn camera to a member of the public after the agency redacts any information made confidential by law.

With narrow exceptions, section 58.008 of the Family Code prohibits a law enforcement agency from releasing to a member of the public a body worn camera recording that could be used as evidence in a juvenile court proceeding or depicts or otherwise relates to a child in a manner that would restrict access to the recording.

A municipal law enforcement agency may not withhold from a member of the municipal governing body a recording from a body worn camera when the request is made in the member's official capacity. Whether civilian employees may access the recordings will depend on the authority given those employees by the municipal governing body and the internal policies and procedures of the municipality.

Very truly yours

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee